# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 17, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| REBEKAH R. LINNETT, | * | |
| | * | |
| | * | |
| Petitioner, | * | No. 19-672V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*William E. Cochran, Jr.,* Black McLaren, et al., P.C., Memphis, TN, for petitioner.
*Mary E. Holmes,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On March 8, 2023, Rebekah R. Linnett, filed a motion for final attorneys' fees and costs. Petitioner Fess Application ("Fees App.) (ECF No. 55). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs and awards a total of $132,640.94.

### I.   Procedural History

On May 7, 2019, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the influenza ("flu") vaccine she received on September 12, 2017 was the cause of her Guillain-Barre Syndrome and/or Chronic Inflammatory

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Demyelinating Polyneuropathy ("CIDP").  Petition (ECF No. 1).  Petitioner filed accompanying medical record to support her claim.

After engaging in settlement discussions, the parties filed a stipulation, which I adopted as my Decision awarding damages to petitioner on November 7, 2022.

On March 8, 2023, petitioner filed this motion for final attorneys' fess and costs, requesting a total of $96,288.50 in attorneys' fees and $36,352.44 in attorneys' costs.  Fees App. at 1, 8-9.   Respondent filed a response to petitioner's motion stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and recommending that "the special master exercise his discretion and determine a reasonable award for attorney's fees and costs.  Response at 2-3 (ECF No. 56).  Petitioner did not file a reply.  This matter is now ripe for adjudication.

    **II.    Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

    a.  Attorneys' Fees

Petitioner requests various rates of compensation for the attorneys who worked on her case.  Specifically, petitioner is requesting that attorneys Mr. Michael G. McLaren, Mr. William E. Cochran, and Mr. Chris Webb be awarded the following rates for the years they worked on her case:

| Attorneys' Name | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| Michael McLaren | -- | -- | $484 | -- | $501 | -- |
| William Cochran | $377 | $391 | $405 | $420 | $435 | $457 |
| Chris Webb | -- | -- | -- | -- | $395 | |
| Paralegals | -- | $155 | $160 | $161 | $167 | $175 |

The rates requested by petitioner for her attorneys is consistent with what has been previously awarded to attorneys at the firm of Black, McLaren, Jones, Ryland,& Griffe firm, and therefore no adjustments are necessary.

Petitioner also submitted a detailed billing statement, which identifies the tasks performed and the amount of time spent on each task.  Upon review of the submitted billing statement, I find the overall hours spent on this matter by the attorneys to be reasonable. Furthermore, respondent did not identify any particular entries as being objectionable, and upon review, I do not find any objectionable entries either.  Accordingly, petitioner is entitled to the full amount of attorneys' fees sought.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $36,352.44 in attorneys' costs.  Fees App. at 1.  The majority of this amount is for the work performed by three experts, Ms. Kay Hairston (life care planner), Dr. Parker Cashdollar, Ph.D (economist), and Dr. Shiva Natarajan (neurologist).  Given the level of petitioner's disability following her alleged-vaccine related injury, retention of these three experts was reasonable for the parties to settle this matter.  The remaining attorneys' costs, such as retaining medical records, making copies, travel to petitioner, and postage, are typical costs incurred by attorneys in this program.  Petitioner has provided adequate documentation for these costs, and all appear to be reasonable in my experience.  Accordingly, petitioner is entitled to the full amount of costs sought.

### III.   Conclusion

In accordance with the above, petitioner's motion for attorneys' fees and costs is **GRANTED.**  I find that petitioner is entitled to a reimbursement of attorneys' fees and costs for a total of $132,640.94.

Accordingly, I award the following:

1) **A lump sum in the amount of $132,640.94, in the form of a check payable to petitioner and her attorney, Mr. William Cochran.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).